PETE NELSON v. STATE OF NEBRASKA.

FILED DECEMBER 29, 1924. No. 24096.

Evidence examined, and *held* sufficient to sustain the judgment.

ERROR to the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed.*

*J. R. Lones* and *Charles P. Rapp,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ.

THOMPSON, J.

Plaintiff in error, hereinafter called defendant, was convicted in the district court for Douglas county upon an information charging him with robbery from the person, to which he pleaded not guilty. He prosecutes error to this court, relying upon three grounds, which may be condensed into one, namely, that the verdict is not sustained by the evidence.

The evidence discloses that J. K. Bittenger was robbed of money and valuables in Omaha, Douglas county, on the night of April 12, 1923, at about 8:50 o'clock, by three

men driving a gray Cadillac roadster automobile. It being dark at the time, Bittenger was unable to identify his assailants by sight afterwards; but, as each talked in a loud manner while robbing him, he identified defendant by his voice from among several.

Arthur Stout and Roy Smith were also arrested in connection with this robbery. Stout pleaded guilty, and at this trial testified that defendant was one of the three who committed the crime, and Smith was the other. Smith was arrested at defendant's home, and confessed his part in the affair, surrendering Bittenger's watch and chain. At the trial he testified that he was one of the guilty parties, but that defendant had no part in the robbery. He implicated one Anderson.

Mrs. Iverson, a disinterested witness, testified that defendant was at her home in Omaha the night of the robbery in company with two men; that the three left in a gray Cadillac roadster automobile, sometime between 8:30 and 9:00 o'clock. In this she is corroborated by her husband's testimony.

Defendant denies any part in the robbery, testifying that he went to Neola, Iowa, on the day it was committed, and in the evening was a visitor at Hans Schuman's home west of Millard, in company with two men, residents of Neola; that they drove a Buick automobile; that he saw Stout on the day of the robbery driving a Cadillac roadster. His wife testified that he was not home on the day of the robbery nor the day following.

Witness Lipp testified that he was employed at a garage in Millard on the day of the robbery; that defendant came there in a Buick automobile about 8:30 o'clock in the evening and purchased gasoline, later going into a barber shop near by. In this he is corroborated by the proprietor of the shop.

The rebuttal on the part of the state tends to corroborate evidence previously given.

It will be observed that the defense rests largely on the alleged alibi. We find, however, from a careful review and

analysis of the evidence, that the alleged alibi is without support, and the evidence warranted the verdict and judgment of the district court. It is therefore considered that the judgment is in all things right, and should be, and is,

AFFIRMED.

Note—See Criminal Law, 16 C. J. sec. 1588—Robbery, 34 Cyc. pp. 1808, 1809.